Nott, J,
The question in this case is, whether Prime the vendee, or Yates and others the attaching creditors of Lockwood, are entitled to the property attached, The first enquiry will he, whether *773 Lockwood by transferring the vessel to Blagge, under whom Prime holds, had completely divested himself of any property in her. If he had, the claim of the creditors must fail, because they could have no claim to property which did not belong to Lockwood, unless there was some fraud in the transaction, which would render the bill of sale to Blagge, void, as against the creditors, although good between the parties ; which will be the second point for consideration.
With regard to the first, it appears to me, that there was such a transfer by Lockwood, as amounted to a complete divestiture of the property. He executed a bill of sale to Blagge, and delivered it to Mr. Walden, for his use ; which bill of sale, together with a letter informing him of the transaction, was forwarded to him in New-York. The key of the vessel was also given to Walden and he took possession of her, and had her in possession for Blagge, when the attachments were served; as he has sworn in his return to the attachments, and his subsequent examination.'
It is laid down by Lord Coke, 3d Coke’s Reports, 26. Butler vs. Baker, 5th Do. 85. 1 Salk, 301, 1 Binney, 502. Shepherd’s Touchstone, 58., that a deed delivered to a stranger for the use of a third person, takes effect immediately. If the vendee does not accept it the property shall not be divested; but, if he does accept, it shall have relation back to the time of. delivery. If it takes effect immediately *774 upon the delivery, the vendor can not revoke it; and, unless it vested in the vendee, he could not be divested, which Lord Coke says, is the effect of nonacceptance.
No case can speak stronger language in favour of such a principle, than the one now before us. Blagge, writes to Lockivood, that Prime had recovered a judgment against him, as his security; and that, unless he affords him relief, he must go to gaol. It appears by Lockwood’s letter, that Prime agreed to take negroes, vessels, or any other property, in discharge of the debt. Lockwood, therefore, executed the bill of sale of the vessel as abovementioned, which was immediately assigned to Prime, and Blagge was released from the judgment. Surely Lockwood had not the power after having thus delivered the bill of sale, and given possession of the property, to defeat ail the subsequent transactions, and divest Prime of the property, by revoking what he had done. He had nothing, therefore, which the creditors could attach. If the consent of Blagge was necessary, it must be presumed, from all the circumstances of the case. He was pressing Lockwood to relieve him from an execution, which was hanging over his head. Prime had agreed to take negroes, or vessels in payment. Assent, therefore, was previously given. But in any point of view, if the parties to the transaction agree to it, no other person can say the sale shall not take effect. Unless, secondly, it was done with a view to defraud his creditors.
*775 On this ground, I shall only observe that if the jury had been properly directed on the first point, and the case had been submitted to them, only on the ground of fraud. I should not have been disposed to set aside the verdict. But as I think the opinion of the court was incorrect on that point, and the jury may have been governed by that opinion, without considering the other ground, I am of opinion a new trial ought to be granted, that the question may be again submitted to a jury to try the question of fraud only.
Justices Gantt and Grimke concurred with Justice Nott.
Smith, J. dissented.
Grimke, for Motion.
Attorney-General & Hunt, Contra.